CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 19, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEON DESHEA LIPFORD, ) | |
|     Petitioner, ) | Civil Action No. 7:23cv00778 |
| ) | |
| v. ) | |
| ) | |
| CHADWICK S. DOTSON, ) | By: Elizabeth K. Dillon |
|     Respondent. ) |       United States District Judge |

**MEMORANDUM OPINION**

Keon Deshea Lipford, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 4, 2024, the court issued an order directing Lipford to address the timeliness of his petition. (Dkt. No. 8.) Lipford filed several responses, which have been reviewed by the court. (Dkt. Nos. 9–12.) For the reasons set forth below, Lipford's petition will be dismissed as untimely.

The one-year limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section § 2244(d)(2) provides that periods of time during which a "properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1)."

In his § 2254 petition, Lipford is challenging a conviction and sentence that was imposed in 2014. Lipford did not file a direct appeal in state court. In 2023, he filed a state habeas action that was dismissed as untimely. The instant § 2254 petition was signed and placed in the prison mailing system on November 27, 2023 (Habeas Pet. 15, Dkt. No. 1), and therefore is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus, if the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), Lipford's petition is clearly untimely. Lipford argues that he did not "find out about" habeas corpus until he had been in prison for three to four years (Dkt. No. 9 at 1), but even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling of the limitations period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases). Moreover, tolling the limitations period for that amount of time would not be enough to make this petition timely.

Lipford further argues that his petition should be considered timely because he only discovered that he could file a federal habeas corpus action from watching an episode of Law and Order. (Dkt. No. 10 at 1.) To the extent that Lipford may be arguing that the limitations period should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," § 2244(d)(1)(D), Lipford does not specify the date on which he saw the Law and Order episode that prompted him to pursue this action. In other parts of his response, Lipford states that he did not find out that he could pursue a federal habeas action until either three, four, or five years after he was sentenced in 2014. (*See* Dkt. No. 9 at 1; Dkt. No. 11 at 1.) Again, even if the court were to generously find

2

that the limitations period should not start until 2019, five years after Lipford was sentenced, this petition would still be untimely. Moreover, discovering the basis of a claim or claims through the happenstance of watching a television show does not suggest that Lipford was acting diligently.

    For these reasons, the court will issue an appropriate order dismissing this matter as untimely.

    Entered: March 19, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge